IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JESUS ESTRADA,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>JAY KACZINSKI, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, DOES 1-V, et al.,<br><br>　　　　　　　　　　Defendants. | MEMORADUM DECISION AND ORDER DENYING DEFENDANTS' SHORT FORM DISCOVERY MOTION RE REDACTED EMAIL MESSAGES<br><br>Case No. 2:17-cv-952 JNP<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Brooke Wells |

　　　　Before the undersigned is Defendants' Short Form Discovery Motion Regarding Redacted Email Messages.[1] The court ordered *in camera* production of the emails[2] and compared the unredacted emails to those that have been produced with the redacted portions. Having conducted its review, the court finds the redacted portions need not be produced and therefore denies Defendants short form discovery motion.

　　　　Defendants seek the complete unredacted production of four emails Plaintiff claims are privileged and therefore should be redacted. Specifically, they are marked as:

- EMAILS00001
- EMAILS000021
- EMAILS000022
- EMAILS000064

---

[1] ECF No. 35.

[2] ECF No. 41.

Plaintiff produced these emails in redacted form and argues two of the emails contain "information regarding another client of Plaintiff's then attorney, and thus [are] not subject to disclosure."[3] Specifically, Email 1 and 64 contain information regarding another client. The court has reviewed these emails and agrees with Plaintiff. The redacted portions pertain to other individuals not involved in this case and therefore are irrelevant and need not be produced.

Next, Plaintiff asserts some of the information contained within the other two emails, labeled as Emails 21 and 22, is work product and thus entitled to protection. This includes some "case strategy and potential settlement outcomes."[4] The work product doctrine, as first articulated by the Supreme Court in *Hickman v. Taylor*,[5] is codified in F.R.C.P. 26(b)(3).[6] It is designed to balance the demands of the adversary system by preserving the privacy an attorney's preparations for trial while still allowing discovery by the opposing party. In order for materials to be protected under the doctrine, they must be "prepared in anticipation of litigation or for trial . . . ."[7] Materials prepared with mixed purposes, such as a litigation and business purpose, are protected only if "the primary motivating purpose behind the creation of the [materials was] to assist in pending or impending litigation."[8]

Under Rule 26(b)(3) work product includes documents and "tangible things" prepared in anticipation of litigation or trial by a party or its representatives including a "consultant, surety, indemnitor, insurer, or agent. . . ."[9] But if these representatives are collecting or compiling

---

[3] Op. p. 2, ECF No. 37.

[4] *Id.* p. 3.

[5] 329 U.S. 495, 500, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947).

[6] *See* Fed. R. Civ. P. 26(b)(3).

[7] *Id.*

[8] *United States v. Gulf Oil Corp.*, 760 F.2d 292, 296 (Temp.Emer.Ct.App. 1985).

[9] Fed. R. Civ. P. 26(b)(3).

information that existed in the regular course of business protections under the work product doctrine are questionable.[10]

The court has reviewed the redacted portions and finds they are work product and contain materials prepared in anticipation of litigation. Therefore, they need not be produced.

ORDER

Finding the redacted portions irrelevant and protected by the work product doctrine, the court DENIES Defendants' Short Form Discovery Motion Regarding Redacted Email Messages.[11]

IT IS SO ORDERED.

DATED this 1 November 2018.

Brooke C. Wells
United States Magistrate Judge

---

[10] *See Gulf Oil Corp.*, 760 F.2d 292.

[11] ECF No. 35.