# IN THE UNITED STATES DISTRICT COURT

## STATE OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| JESUS ESTRADA,<br><br>               Plaintiff,<br><br>     vs.<br><br>JAY KACZINSKI, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, DOES I-V, and DOES CORPORATIONS VI-X, inclusive,<br><br>             Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' SHORT FORM DISCOVERY MOTION RE: NOTICE OF 30(b)(6) DEPOSITION OF INTERMOUNTAIN SURGICAL, LLC**<br><br><br>Case No. 2:17-cv-952<br><br>Judge Jill N. Parrish<br>Magistrate Judge Brooke C. Wells |

This matter is before the Court on Defendants Jay Kaczinski and Swift Transportation Co.'s (collectively Defendants) Short Form Discovery Motion Re: Notice of 30(b)(6) Deposition of Intermountain Surgical, LLC (Intermountain).[1]  The court held oral arguments on this matter on November 15, 2018.  Having considered the briefing and the arguments, the court GRANTS Defendants' motion as set forth below.

This is a personal injury case. Plaintiff, Jesus Estrada, seeks recovery for back injuries and surgeries allegedly related to an accident between the car he was driving and a tractor-trailer operated by Defendants. Following the accident, Mr. Estrada entered into a contract with Intermountain Surgical, LLC (Intermountain) who provides financing for medical expenses in

---

[1] ECF No. 36.

personal injury lawsuits.[2] Defendants served Intermountain with a subpoena to appear at a deposition. Intermountain objected to testifying on many of the topics.

Central to the current dispute is Rule 26 of the Federal Rules of Civil Procedure, which governs discovery disputes. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[3]

Intermountain argues the information sought by Defendants "far exceeds the scope of plaintiff's medical treatment, charges to the plaintiff for those services, or other relevant matters to determine the reasonable value of the services provided."[4] The court is not persuaded by this argument and finds the discovery relevant during the discovery stage of this litigation with the additional limitations added by the court.

Next, Intermountain argues the collateral source rule is different in Utah, which makes the case cited to by Defendants inapposite. Defendants cite to *ML Healthcare Servs., LLC v. Public Super Markets Inc.*,[5] a decision from the 11th Circuit, in support of their position. In *ML Healthcare*, the court upheld the admissibility of similar evidence as that sought here for the specific purpose of showing bias.[6] The *ML Healthcare* court noted the evidence was relevant,

---

[2] *See generally*, Defs' Short Form Discovery Motion p.1-2, ECF No. 36.
[3] Fed. R. Civ. P. 26(b)(1); *see also Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion.") (quotations and citations omitted).
[4] ECF No. 39.
[5] 881 F.3d 1293 (11th Cir. 2018).
[6] *Id.* at 1302 (affirming district court's decision permitting evidence of a payment arrangement for the "limited purpose of showing bias on the part of the doctors who testified in [the] case.").

"[i]ndeed, proof of bias will typically be relevant."[7] And, the "fact that the evidence also implicates the collateral source rule does not render it irrelevant 'for impeachment purposes.'"[8] Intermountain argues that this decision, however, relied on Georgia collateral source law which is different in Utah. Intermountain points the court to *Wilson v. IHC Hosps. Inc.*[9] a decision form the Utah Supreme Court that applies Utah's collateral source rule.

In *Wilson*, the plaintiffs brought a medical malpractice lawsuit on behalf of their son. On appeal, the plaintiffs argued the trial court erred by violating the collateral source rule and failed to exclude collateral source evidence in violation of its own in limine order excluding collateral source evidence at trial.[10] The *Wilson* court held the defendant "persistently and deliberately violated the collateral source rule at trial."[11]

As noted by the *Wilson* court, under the common law collateral source rule, "a wrongdoer is not entitled to have damages, for which he is liable, reduced by proof that the plaintiff has received or will receive compensation or indemnity for the loss from an independent collateral source."[12] Certain policy rationales support this rule. "First, public policy favors giving the plaintiff a double recovery rather than allowing a wrongdoer to enjoy reduced liability simply because the plaintiff received compensation from an independent source."[13] And second, "the rule encourages the maintenance of insurance" by assuring that "a plaintiff's payments from a collateral source will not be reduced by a subsequent judgment."[14]

---

[7] *Id.*
[8] *Id.* (quoting *Barrera v. E.I. Du Pont De Nemours & Co., Inc.,* 653 F.2d 915, 921 (5th Cir. Unit A 1981)).
[9] 2012 UT 43, 289 P.3d 369.
[10] *See id.* at ¶¶ 11-15.
[11] *Id.* at ¶30-31.
[12] *Mahana v. Onyx Acceptance Corp.*, 2004 UT 59, ¶ 37, 96 P.3d 893 (internal quotation marks omitted).
[13] *Green v. Denver & Rio Grande W. R.R. Co.*, 59 F.3d 1029, 1032 (10th Cir.1995).
[14] *Id.*

The court is not persuaded that *Wilson* is controlling of the instant dispute because this case is still at the discovery stage of litigation where the Rules permit relevant discovery that is proportional to the needs of the case. Unlike *Wilson*, there has not been a motion in limine granted, nor subsequent errors committed at trial. Thus, the court will permit the discovery to move forward at this stage and Intermountain may bring an appropriate motion in limine in the future.

Accordingly, the court finds that the information sought by Defendants is relevant and proportional. The discovery sought from Intermountain is relevant as to bias, prejudice, credibility, and/or the financial interest of Intermountain and Dr. Kade Huntsman.

Intermountain shall designate a representative to appear at a Rule 30(b)(6) deposition and produce the requested documents. The scope of the deposition and the information sought is limited to information from six months prior to the accident (May 22, 2015) to the present.

Further, the court DENIES the Motion to Strike filed by Intermountain Surgical.[15]

IT IS SO ORDERED.

DATED this 3 December 2018.

Magistrate Judge Brooke C. Wells
United States District Court for the District of Utah

---

[15] ECF No. 46.